# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FRANCES WALDO,**

        **Plaintiff,**

-vs-                                              Case No.  6:05-cv-97-Orl-18KRS

**CITY OF SANFORD, LT. WILLIE HARDEN, CYNTHIA BROWN,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT WILLIE HARDEN'S MOTION TO COMPEL SOCIAL SECURITY RELEASE (Doc. No. 32)**
>
> **FILED:**       **November 9, 2005**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant Willie Harden asks the Court to compel Plaintiff Frances Waldo to sign a release authorizing the Social Security Administration to release records in its possession regarding Waldo. It is unclear from the motion what information Harden represents will be in the Social Security Administration files that would be discoverable.

Harden states, and Waldo agrees, that information regarding whether Waldo "received public assistance for housing" is discoverable. Doc. No. 32 at 2. It is unclear, however, what information

Harden believes exists in records of the Social Security Administration regarding whether Waldo received public assistance for housing.

Harden also states that because Waldo asserted a claim for physical and emotional injuries, she has put her physical and emotional condition at issue. If Waldo made a claim for Social Security disability or supplemental insurance benefits, records held by the Social Security Administration may include medical records that would be discoverable in this case. However, Harden provides no information supporting the conclusion that Waldo has personally applied for disability or supplemental insurance benefits. Thus, the record is insufficient to provide reason to believe that the Social Security Administration would have discoverable information.

Finally, the law is unsettled regarding the procedure to be used to obtain records in the possession of the Social Security Administration. Harden relied upon Florida case law that discusses the Florida rules of procedure, but he provides no discussion of why that law is applicable in this Court. In addressing the Federal Rules of Civil Procedure, some courts have held that a party can be compelled to sign a release on the theory that the records held by a non-party are within the "control" of the party for purposes of a request for production of documents under Fed. R. Civ. P. 34. *See, e.g., Lischka v. Tidewater Servs., Inc.*, Civ. A. No. 96-296, 1997 WL 27066 (E.D. La. Jan. 22, 1997), and cases cited therein. Other courts suggest that the proper procedure is to issue a subpoena under Fed. R. Civ. P. 45 to require the non-party to produce the records. *See, e.g., Clark v. Vega Wholesale,* Inc., 181 F.R.D. 470 (D. Nev. 1998); *Neal v. Boulder*, 142 F.R.D. 325, 327 (D. Colo. 1992). I have not found, and the parties have not cited, any case from this circuit that addresses the issue. Under either legal theory adopted by these federal courts, however, there is no showing that Harden followed the

proper procedural prerequisites by serving a request for production of documents under Rule 34 or a subpoena to a nonparty under Rule 45.

**DONE** and **ORDERED** in Orlando, Florida on November 15, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties